## BROWN *vs.* BROWN'S ADM'RS.

[APPLICATION FOR SALE OF DECEDENT'S LANDS, FOR DIVISION.]

1. *Place of sale specified in order.*—Under the provisions of the Code, (§ § 1872, 1764,) and of the act approved November 19, 1853, amendatory of section 1764, (Session Acts, 1853–54, p. 252,) an order for the sale of a decedent's real estate, for division among the parties interested, must specify the place of sale; otherwise, no legal sale can be made under it.

APPEAL from the Probate Court of Tuskaloosa.

In the matter of the application of R. R. Brown and L. L. Brown, as administrators of the estate of John A. Brown, deceased, for an order to sell the real estate belonging to said decedent, for the purpose of making an equitable division among the heirs. The intestate died on the 29th March, 1866. The petition for the order of sale was filed on the 6th June, 1866, and was contested by N. H. Brown and the guardian *ad litem* of the infant heirs. On the hearing of the petition, at the November term, 1866, the probate court rendered the following decree: "This cause coming on to be heard, on the petition of the plaintiffs for a sale of certain real estate of John A. Brown, deceased, particularly described in said petition, for a more equal distribution thereof among the heirs of said decedent; and it appearing to the court that a guardian *ad litem* has been appointed for the minor heirs, who has denied in writing the allegations of the petition; and Newbern H. Brown, one of the heirs of full age, having denied the alle-

gations of said petition ; and it also appearing that the notices to all the defendants have been duly served ; and the matter having been submitted to the court, upon the petition, denial of its allegations, proof, and argument of counsel ; and the court being satisfied that a sale of said lands is necessary for the equitable distribution thereof,— it is therefore ordered and decreed by the court, that the petitioners sell the said lands described in the petition as aforesaid, belonging to the estate of John A. Brown, for the purpose of an equitable division among the heirs ; and that said sale shall be made after advertising the time, as now directed by statute, and they shall also be sold to the highest and best bidder therefor, on a credit of one and two years ; and the said petitioners shall make due return to this court, how they have executed this order and decree."

The decree of the court is now assigned as error.

W. Moody, and E. A. Powell, for appellants.

W. R. Smith, contra.

JUDGE, J.—Lands ordered to be sold for distribution, must, under section 1872 of the Code; "be advertised, and conducted, and bonds taken for the purchase-money, if sold on a credit, with two sufficient securities ; the sale confirmed, and titles made to the purchaser on the payment of the purchase money, in all respects, as upon a sale of lands by an executor or administrator, under an order of the probate court, for the payment of debts." Turning to section 1764 of the Code, which relates to a sale of lands by an executor or administrator for the payment of debts, we find it as follows :—"The lands may be sold, on such credit as the court may direct, not exceeding two years ; and they must be sold at the court-house of the county in which they lie ; and the sale conducted in all respects as the sale of personal property." By an act of the legislature, approved November 19, 1853, section 1764 of the Code, above quoted, was amended, so as to require sales of real property by executors, or administrators, to be held at "such place in the county as the judge of probate may in his discretion direct."—Session Acts, 1853–'4, p. 252.

Thus it is perceived that no place in the county is now fixed by law, at which sales of real property by executors or administrators shall be held; but the place of every such sale, within the limits of the county, rests, under the law, in the discretion, exclusively, of the judge of probate. The decree of sale, in the case before us, does not direct the place of sale; no power exists in the administrators to select the place; consequently, no legal sale can be made under the decree, and it is therefore erroneous.

By not considering the other questions presented by the record, we must not be understood as impliedly expressing any opinion upon them. They may not again arise in the same form, and hence we do not consider them.

For the error above pointed out, the decree is reversed and the cause remanded.