# Fore, Adm'r, *v.* McKenzie.

### *Action on Promissory Note.*

58 115
94 179
58 115
109 124
58 115
117 691
58 115
133 309

1. *Misrepresentation; what will avoid sale.*—A misrepresentation by the seller, which will avoid the sale, or defeat an action for the recovery of the purchase-money, must be of a material fact, operating as an inducement to the purchase ; and the purchaser having a clear right to rely on it, must be deceived thereby.

2. *Caveat emptor ; to what, maxim applies.*—The maxim, *caveat emptor*, applies to judicial sales ; the purchaser has no ground of complaint if the title sold proves valueless, and can not defend an action at law for the purchase-money, because of misrepresentations of the administrator in making a sale of land under order of the court of probate.

3 *Sale of lands ; what principle not applicable to.*—The principle declared in *Atwood v. Wright* (29 Ala. 346), as to the fraud or misrepresentation of the administrator making a sale, is confined to sales of personalty.

APPEAL from Circuit Court of Monroe.

Tried before Hon. JOHN K. HENRY.

The appellant, Fore, as administrator of the estate of one James Fore, deceased, brought suit against the appellees to recover $1,200, the amount of a promissory note given by

them for lands of appellant's intestate, which Fore had sold under order of the probate court.

The appellees pleaded that Fore had represented at the time of the sale that the lands were the property of the estate, and the title was good; whereas a part of the tract sold by the administrator, and for which, along with other lands, the note was given, had been sold and conveyed by intestate in his life time to one Grant, and by reason of this, they have been damaged six hundred dollars, and the consideration of the note has failed to that extent, and they had tendered Fore the balance due on the note after deducting said sum.

The plaintiff demurred, because the plea was double, being part failure of consideration, also a plea of tender; 2d, because the sale was judicial, and want of title is no defense to the action; 3d, because the facts stated were no answer to the complaint. This demurrer was overruled, and a trial was had, resulting in verdict and judgment for the plaintiff for $347.91. The plaintiff appeals, and assigns the ruling upon demurrer as error.

J. W. POSEY, for appellant.—This was a judicial sale, to which the maxim of *caveat emptor* applies.—21 Ala. 534; 47 Ala. 444; *Bland v. Bowie*, 53 Ala. The case of *Atwood v. Wright*, is relied on; the misrepresentation there was fraudulent, and was, as to *soundness*, not title of property sold. Besides this, the plea does not show that any reliance was placed on the representations.—16 Ala. 789.

J. M. WHITEHEAD, *contra*.—Misrepresentation by the administrator, will no more relieve him from the consequences of his acts than they would exempt an individual.—19 Ala. 680; *Atwood v. Wright*, 29 Ala. 346.

BRICKELL, C. J.—The misrepresentation by a seller which will avoid a contract of sale, or furnish matter of defense to an action for the recovery of the purchase-money, must be of a material fact, operating as an inducement to the purchase; and the purchaser having a clear right to rely on it, must have been deceived by it. The plea does not aver a state of facts which brings the defense within the principle. There is no averment that the misrepresentation in reference to the title, induced the purchase; or that the purchaser, being ignorant of the true state of the title, relied upon and was deceived by it.

If the plea contained the averments, it would not present an available defense. The sale was judicial—the court of probate was the vendor, and the administrator but its officer

or agent.   To such sales the maxim, *caveat emptor*, is strictly applicable.   There is no warranty of title, and the purchaser has no ground of complaint, if the title sold proves valueless.—*Perkins v. Winter*, 7 Ala. 855 ; *Burns v. Hamilton*, 33 Ala. 210.   The representations of the agent or officer making the sale, as to the title, the purchaser has no right to rely on, but must inquire for himself.   If a fraud is practiced on him, the sale is incomplete before confirmation, and he may make it ground of objection to confirmation.   If the fraud is not discovered until after confirmation, in a proper case, a court of chancery would intervene for his relief.   The sale after confirmation, clothes the heirs with rights which can not be disturbed, unless an opportunity is afforded to support them. There can be no rescission of the sale, in whole or in part, without the opportunity to them of sustaining its validity.— *Lampkin v. Reese*, 7 Ala. 170 ; *Bland v. Bowie*, 53 Ala. 152. Hence, the purchaser can not at law defend an action for the purchase-money, because of the fraud or misrepresentation of the administrator.   To permit such a defense, would operate in a collateral proceeding, a rescission of the sale made, and confirmed by another court, having exclusive jurisdiction.

The case of *Atwood v. Wright*, 29 Ala. 346, has no application to the question.   It was a sale of personal property, the title to which resided in the administrator, and it was complete without confirmation by the court.   The demurrer was well taken, and should have been sustained.

The judgment must be reversed and the cause remanded.