# Cruikshank *v.* Luttrell.

## *Bill in Equity for Discovery and General Relief.*

1. *Personal representatives take no interest in the lands of testator or intestate.* Personal representatives, although they have statutory powers and duties as to the lands of the decedent, take no interest in them, but *eo instanti* his death they descend to the heir, or pass to the devisee, subject only to the exercise of the statutory powers of the executor or administrator.

2. *Heir or devisee; rights in the lands of testator or devisor.*—The heir or devisee, is entitled to the possession of the lands, and to the rents and profits, until the personal representative asserts his statutory powers, and may alien them, subject to, and not frustrating the exercise of these powers.

3. *Powers of personal representative; how exercised.*—The powers of the personal representative over the lands of the testator, or intestate, are entirely statutory, and must be exercised and executed as the statute directs, and an exercise of them in any other mode, cannot convey any rights, or relieve the executor or administrator from liability.

4. *Same; what powers personal representative has over lands of deceased.*—The personal representative may rent the lands of the estate, or may sell them under the decree of the Probate Court for the payment of the debts of the testator, or intestate, when the personalty is insufficient for that purpose, or to effect an equal distribution among the heirs or distributees.

5. *Personal represenative; duties of as to sales of land.*—Whether the sale is to pay debts, or for distribution, the personal representative must secure the purchase-money by taking two sufficient sureties, and report the sale within sixty days to the Probate Court.

6. *Sale of lands of deceased person; duty of Probate Court as to.*—The Court of Probate must examine the report of sale, and also examine witnesses with reference to it, and if the sale was not fairly conducted, or the amount bid for the land was greatly less than its real value, the sale should be vacated, or, if the sureties for the purchase-money are insufficient the sale should not be confirmed until sufficient security is given, but if the sale is vacated, the court must order a resale of the lands, to be advertised, and conducted in all respects, as was the first sale.

7. *Same; no valid sale unless court prescribes place.*—When lands of an estate are decreed to be sold by the Probate Court, the court must determine the place of the sale, and if no place is fixed by the court the personal representative cannot select it, and no valid sale can be had.

8. *Same; when confirmed and deed made.*—If the Probate Court is satisfied that the sale was fairly conducted, that the land brought a sum not greatly less than its real value, and that the purchase-money is sufficiently secured, it must confirm the sale; but the purchaser cannot obtain a deed until the sale is confirmed, the purchase-money paid, its payment reported to the court, and the personal representative ordered to execute the conveyance.

9. *Same; sales by personal representative of, under decree, are judicial.*—Sales of the lands of estates by the personal representative, under the decrees of the Probate Court, which fixes the place and terms of sale, and which are subject to confirmation by it, are essentially and strictly *judicial.* The court is the vendor, and the executor or administrator merely the agent or officer through whom the sale is made.

10. *Same; sale not changed by personal representative.*—When a sale of the lands of an estate is made by a personal representative, under the orders of the Probate Court, he cannot change or vary the terms or conditions of sale, or enter into any new or other contract with the purchaser.

VOL. LXVII.

[Cruikshank v. Luttrell.]

11. *Same ; in whom is title until conveyance.*—The legal title to lands sold under the orders of the Probate Court, remains in the heir or devisee, until a conveyance is executed to the purchaser, under the decree of the Probate Court, and they may until that time recover the possession from the purchaser by ejectment.

12. *Same; executor or administrator, and purchaser, cannot rescind sale made under the order of the Probate Court.*—When an executor sells lands of his testator, under the order of the Probate Court, the heirs or devisees acquire rights thereby, and an agreement made afterwards between the executor and the purchaser, by which it is intended to rescind the sale, and absolve the purchaser from the payment of the purchase-money, is inconsistent with the nature of the sale, with the statutes regulating it, with the principle which prevents the representative from binding the estate by his contracts, and is void.

13. *Same; cannot be resold by the representative without an order of court.*—In such a case, after an attempted rescission of the sale, the power to resell resides in the court, and the personal representative cannot resell, except by its order, and an attempted resale by him is void; the original sale remains valid, and a succeeding administrator or executor may enforce payment of the purchase-money.

14. *Same ; Probate Court has no jurisdiction to confirm void sales of.*—The Probate Court, as to the sales of the lands of estates, is of limited, statutory jurisdiction, and has no authority to confirm void sales made by a personal representative.

15. *Personal representative may take lands in payment of debts.*—Executors and administrators may, being responsible for any loss caused thereby, take lands in payment of, or in compromise of, debts due the estates they represent, but the rights of heirs or devisees immediately attach, and can only be divested by their consent, or by a judicial proceeding to which they are parties; and while adult heirs or devisees may elect to keep the land, such an election can only be made for infants by the Chancery Court.

16. *Parties; decree on merits ; when not affirmed for want of.*—When the complainant is entitled to relief, but the Chancellor dismissed the bill on the merits, the decree will not be affirmed for want of proper parties, no objection on that ground having been made in the court below—but the case will be reversed and an opportunity given him to amend.

17. *Appellant taxed with costs when defect in his bill prevents decree in his favor.* When a defect in his bill prevents the rendition of a final decree in favor of the appellant, he will be charged with the costs of appeal.

APPEAL from Talladega Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill filed on the 20th of September, 1875, by Marcus H. Cruikshank, as administrator *de bonis non*, with the will annexed, of the estate of Thomas Merritt, deceased, against William C. Luttrell. Thomas Merritt died in Green county, Georgia, leaving a will, of which he appointed his son, Benjamin Merritt, the executor. Letters testamentary were granted to said Benjamin Merritt by the Probate Court of Talladega county, and on the 1st day of October, 1860, that court granted him an order to sell certain lands situated in Talladega county, for the purpose of effecting an equal distribution. The executor sold the land under this order, and Franklin Merritt became the purchaser, and executed his notes for $3,320, payable November 5, 1861, with two sureties, for the payment of the purchase-money, and this sale was confirmed by the Probate Court. But Franklin Merritt

[Cruikshank v. Luttrell.]

being unable to pay the notes when they became due, on
February 20, 1864, transferred to the executor the certificate
of purchase, which had been given him at the sale, and re-
ceived in return his notes for the purchase-money. On the
same day the executor resold the lands, at private sale, to
William C. Luttrell for $3,626, to be paid as follows: $1,000
cash, $1,326 on February 20th, 1863, and $1,326 on February
20th, 1864. He also gave Luttrell, the appellee, a bond con-
ditioned to make titles to him on the payment of the pur-
chase-money. The purchase-money was paid by Luttrell,
and the executor reported this fact to the court, on Novem-
ber 17, 1863. The court thereupon ordered the executor to
make a deed to the land to Luttrell, "the certificate of pur-
chase having been transferred to him, and the sale having
been previously confirmed." The defendant, Luttrell, in his
answer to the bill, insisted that he had been merely substi-
tuted as the purchaser of the land by the executor; and that
this was done by the executor in order to collect the pur-
chase-money, which Franklin Merritt was unable to pay.
The prayer of the bill was, "that an investigation may be
had of the matters and things charged in the bill, and that
on the final hearing your honor will grant such general relief
as to equity and good conscience seemeth proper." The
Chancellor rendered a decreee on the merits, dismissing the
bill, and this decree is assigned as error.

LEWIS E. PARSONS, for appellant.

M. J. TURNLEY, for appellee.

BRICKELL, C. J.—An executor or administrator is, by
the statutes, clothed with powers and charged with corres-
ponding duties in reference to the lands of the testator or
intestate, but in them he takes no right or title, interest or
estate. As at common law, if devised, the lands pass to the
devisee, or if not devised, descend to the heir at law, *eo in-
stanti*, the death of the ancestor, subject only to be inter-
rupted by the exercise by the personal representative of the
powers conferred by the statutes. Until an interruption by
the personal representative the devisee or heir is entitled to
possession, and to take the rents and profits.—1 Brick. Dig.
935–6, 7, §§ 316, *et seq*. The heir or devisee may alien the
lands, the alienation being subject to and not frustrating the
statutory powers of the personal representative.—*Leavens v.
Butler*, 8 Port. 381–390; *Bell v. Craig*, 52 Ala. 215.

The powers of the personal representative being derived
wholly from the statutes, must be exercised and executed as

they direct. They cannot be exercised and executed in any other mode so as to confer rights, and to relieve the personal representative from liability.—*Martin v. Williams.* 18 Ala. 190; *Chighizola v. Le Barron*, 21 Ala. 406. The powers are to rent lands, or to make sales of them under the decree of the court of probate. A decree may be obtained for the sale of the lands, for either of two purposes : *first*, to pay the debts of the testator or intestate, when there is a deficiency of personal assets ; *second*, to effect an equal distribution to the heirs or devisees. Whether the sale is decreed for the payment of debts, or for distribution, the executor or administrator is required to secure the purchase-money by taking the notes or bonds of the purchaser, with at least two sufficient sureties.—Code of 1876, § 2461. The Court of Probate must determine the place at which the sale is to be made.—Code of 1876, § 2462. If the place is not fixed by the court, no power exists in the personal representative to select it, and no valid sale can be made.—*Brown v. Brown*, 41 Ala. 215. Within sixty days after the sale, the personal representative must make report thereof to the Court of Probate, and it is the duty of the court to examine the report, and examine witnesses in reference to it. And if it appears the sale was not fairly conducted, or that the amount bid is greatly less than the value, the duty of the court is to vacate the sale. Or, if it appears the sureties for the purchase-money are insufficient, the sale cannot be confirmed unless sufficient sureties are given. In either event, it is the duty of the court to order a re-sale of the lands, which *must be advertised and conducted in all respects* as the first sale. Code of 1876, §§ 2463-64-65-66. But if the court is satisfied the sale was fairly conducted, and the amount for which the land was sold, was not greatly less than its real value, and the purchase-money is sufficiently secured, it must make an order of confirmation.—Code of 1876, § 2467. After the confirmation, the purchaser cannot obtain a conveyance, until all the purchase-money is paid ; and the fact of payment must be reported to the Court of Probate, and the conveyance executed under the order of the court.—Code of 1876, § 2468.

It results from these statutory provisions, that sales of lands made by executors or administrators, under decree of the Court of Probate, are essentially, and strictly *judicial.* They are not only made under the decree and authority of the court, which prescribes the place and terms of sale, but they are subject to confirmation or vacation by the court. Until confirmed the sale is incomplete—it rests in negotiation—the bid of the purchaser is a proposition the court may

accept, or may reject, if the sale has not been fairly conducted in obedience to its decree, or if the price is disproportioned to the value of the lands, or if the proposed sureties for the payment of the purchase-money are insufficient. The court is really the vendor—the executor or administrator, its agent, or officer, through whom the sale is made. *Perkins v. Williams*, 7 Ala. 855 ; *Burns v. Hamilton*, 33 Ala. 210 ; *Hutton v. Williams*, 35 Ala. 503 ; *Bland v. Bowie*, 53 Ala. 152 ; *Force v. McKenzie*, 58 Ala. 115 ; *McCully v. Chapman*, *Ib.* 325. If the purchaser submits to a confirmation, the fraud or misrepresentation of the administrator at the time of the sale, as to the quality of the lands, or as to the character of the title, inducing the purchaser, will not furnish a defense against an action for the recovery of the purchase-money. If such a defense were allowed, it would operate in a collateral proceeding the change of the terms, or the rescission of a sale, confirmed by a court having exclusive jurisdiction of the subject-matter.—*Fore v. McKenzie, supra.* There can be no change of the terms and conditions of sale as prescribed by the decree of the court, made by the personal representative. He has not authority to vary them, or to enter into any new or other contract with the purchaser. *McCully v. Chapman, supra.* After confirmation by the Court of Probate, the purchaser may be let into possession, but the sale remains *in fieri* until the purchase-money is paid, the fact of payment reported to the court, and a conveyance decreed by the court and executed—the conveyance by the terms of the statute passing "all the right, title, and interest which the deceased had in the lands at the time of his death." Until the conveyance is executed under the decree of the court, the legal estate remains in the heirs or devisees who may maintain ejectment, and at law recover possession from the purchaser.—*Doe v. Hardy*, 52 Ala. 291. After the confirmation of the sale, there can be no rescission of it by decree of a court of equity in any suit, or upon any ground, unless the heirs are parties.—*Lumpkin v. Reese*, 7 Ala. 169 ; *Bland v. Bowie, supra* ; *McCully v. Chapman, supra.* The personal representative is consequently without authority by any agreement with the purchaser to rescind or to modify the terms and conditions of sale. All his powers in reference to lands are statutory, and the capacity or authority to modify or rescind is not conferred. The exercise of such power involves the undoing of that which a court of competent jurisdiction has ordered, and confirmed as well done. He may collect the notes given for the purchase-money, and he has the same authority in the reduction of them to money for the purposes of administration, that he has over other choses

in action held by him as assets.—*Hutchinson v. Owens*, 59 Ala
326; *Van Hoose v. Bush*, 54 Ala. 342. But this does not
involve the power of rescinding the sale.

The agreement between Franklin Merritt, the purchaser
of the lands, and the executor, Benjamin Merritt, by which it
was attempted and intended to rescind the sale of the lands,
and to absolve the vendee from liability to pay the purchase-
money, was in excess of the authority of the executor, and
void. It was not in their power to rescind the sale. By it,
the heirs or devisees had acquired rights and interests which
the executor could not impair or divest, and which no court
would have affected without their presence as parties. The
re-sale of the lands by the executor to Luttrell was, if possi-
ble, more palpably in excess of authority and duty. No
court would have ordered other than a public sale of the
lands—before a public sale could have been made, the place
of sale must have been appointed by the court and the terms
prescribed. The power of confirming or vacating the sale,
the law reserves to the court, and, before confirming, the
court must be satisfied of the sufficiency of the price and of
the sureties for its payment. Of what avail are all the
statutory provisions intended for the benefit and protection
of heirs and devisees, who by. a judicial proceeding only can
be divested of their estate in lands, if the personal repre-
sentative can, at his election, disregard them? The court of
probate had confirmed the sale of the lands to Franklin
Merritt, who had given sureties for the payment of the pur-
chase-money the court approved. After the purchase-money
was due and payable, the executor privately re-sells the lands
to Luttrell, postponing the payment of a part of the pur-
chase-money for more than two years, and taking but one
surety for its payment. This whole transaction was void,
from its inception to its consummation. In *Matthews v.
Dowling*, 54 Ala. 202, which was a bill in equity by a vendor
to rescind a sale of lands made by administrators under a
decree of the court of probate, the administrators consented
to the rescission. This court said : "The.consent of the ad-
ministrators to the rescission is not of importance. They
were powerless to divest the heirs of the interest in the
lands descending to them, and, if they had power to consent,
a court of equity should never have acted on such consent,
when it was not shown that they were securing a benefit to,
rather than impoverishing the estate they represented."

Nor can the transaction be aided by the decree of the
court of probate confirming it, if the decree is of confirma-
tion. In reference to the sales of lands, the court is essen-
tially of limited, statutory jurisdiction. It has only such

jurisdiction as the statutes may confer; and there is no statute which confers jurisdiction to confirm void or unauthorized sales of lands made by the personal representative. 1 Brick. Dig. 439, § 172. If the jurisdiction existed, it could be exercised only in a proceeding to which the heirs or devisees were parties, for the effect of the proceeding is to disseize them. The heirs or devisees are parties to all regularly conducted proceedings in the court of probate, for the sale of lands, and remain as parties until the rendition of the final decree ordering a conveyance. But this is true only when the proceedings are kept within the bounds prescribed by the statute. It is not true that they are to be regarded as parties to, or having any notice of, any and every proceeding which may be instituted in connection with the proceedings for sale, for which the statutes make no provision, and which they could not anticipate. This decree of the court of probate was *ex parte*, the heirs were without notice of it, and it is wanting in every element of a judicial proceeding, except that of form.—*Lamar v. Gunter*, 34 Ala. 324.

The Chancellor seems to have supported the transaction as a mere expedient adopted by the executor to collect the debt for the purchase-money of the lands, due from Franklin Merritt. We do not doubt that an executor, or administrator, if a necessity for it exists, and of the necessity he determines largely upon his own responsibility, may take lands in payment of debts due him in his representative capacity, as he may take a mortgage of lands as security for the payment of such debts.—*Foscue v. Lyon*, 55 Ala. 455. But if he takes land in payment of debts, the rights of heirs or devisees at once attach, and of them they can be divested only by their consent, or by some judicial proceeding to which they are parties. If *sui juris*, they may elect to keep the lands rather than have it converted again into personal property—and if not *sui juris*, an election for them can be made only by a court of equity. The statutes passed since this transaction provide that when an executor or administrator receives real estate in payment, or in compromise, of a debt, if a sale thereof is necessary to effect distribution or to pay debts, the sale must be made under an order of the court of probate, just as if it was lands descended or devised, (Code of 1876, § 2507), thus sanctioning the view we have expressed. Treating this transaction as the Chancellor was inclined to regard it, would not render the sale to Luttrell valid—that would remain a violation of duty, and an usurpation of authority by the executor. But this is not the true character of the transaction, nor is it what the parties contemplated and supposed they had accomplished. They in-

tended the rescission of the sale to Franklin Merritt, and a re-sale by the executor, privately, without an order of the court of probate, to Luttrell, on terms different from the terms of sale prescribed originally by the court. This they were incapable of accomplishing, and the sale to Franklin Merritt, confirmed by the court of probate, remains valid. The purchase-money is yet owing by him, and is unadministered assets, the right and title to which vests in the appellant as administrator *de bonis non.—Swink v. Snodgrass*, 17 Ala. 653. Further, it must be observed, that whenever a re-sale of lands is authorized by the statutes, it is provided the re-sale must be made under the decree of the court. All power in the personal representative to re-sell is withheld. Code of 1876, §§ 2466, 2668, 2669. And throughout the decisions of this court, the proposition is asserted, and rigidly maintained, that a personal representative can not by his contracts or agreements bind the estate he may represent. 1 Brick. Dig. 957, § 614. A power in the personal representative, by an agreement with the purchaser, to rescind a sale of lands made under a decree of the court of probate, is inconsistent with the nature and character of the sale, with the statutory provisions governing and regulating it, and with the general principle which denies him power, by his contracts, to bind the estate. A re-sale by him is manifestly in conflict with the law—he has no right or title, estate or interest to sell, and the power of re-sale resides only in the court of probate.

The equity of the appellant is to enforce a lien on the lands for the payment of the purchase-money, due from Franklin Merritt. But the bill is defective for the want of parties, and until the proper parties are before the court, relief can not be granted. Franklin Merritt, and the heirs and devisees of the testator, in whom resides the legal estate in the lands, are indispensable parties. In the court of chancery the whole contest was limited to the equity of the bill. There was no demurrer, or objection otherwise made for the want of parties. The Chancellor considered and passed only on the merits of the case as shown by the pleadings and evidence, decreeing an unqualified dismissal of the bill. In this state of the case it would be manifest injustice to affirm the decree because of the want of proper parties, when if objection had, at any time before final decree, been made on this ground, it would have been removed by amendment. The ends of justice are best accomplished by reversing the decree of the Chancellor, and remanding the cause, with directions to allow the complainant to amend the bill as he may be advised.—*House v. Mullen*, 22 Wall. 42. The

defect in the bill is the fault of the appellant, preventing the rendition of a final decree, and protracting the litigation; and he must pay the costs of this appeal in this court and in the court of chancery.

Reversed and remanded.