# Bozeman *v.* Bozeman.

*Application by Administrator for Sale of Lands for Distribution.*

1. *Sufficiency of petition; averment of residence, age, &c., of heirs.* A petition by an administrator for an order to sell lands, for distribution among the heirs, must state the residence of each of them, whether any one of them is under twenty-one years of age, and whether any one of the females is a married woman (Code, § 2450); and the failure to make these averments will work a reversal of the order of sale.

2. *Order of sale; specifying place.*—The place of sale must be specified in the order granting the petition (Code, § 2462), and the failure to do so is a reversible error.

3. *Adverse possession by heir and distributee, as defense against order of sale.*—When one of the heirs and distributees has been in possession of the lands for twenty years or more, holding adversely, notoriously, and exclusively, by independent claim of right in himself, the doctrine of prescription applies, and the administrator can not have the lands sold for distribution, or equitable division.

APPEAL from the Probate Court of Crenshaw.

Heard before the Hon. W. F. MAHONE, Register in Chancery, sitting *pro hac vice* as Probate Judge.

In the matter of the estate of Josiah Bozeman, senior, deceased, on the application of T. H. Bozeman, as administrator, for an order to sell the lands, on the ground that they could not be equitably divided among the heirs without a sale. Said Josiah Bozeman died, intestate, in October, 1841. Letters of administration on his estate were granted to said T. H. Bozeman on the 15th January, 1886. The petition for an order to sell the lands was filed on the 16th September, 1886, and was contested by some of the heirs and distributees; but the record does not show the grounds of contest, if any were filed in writing, nor does it show who the contestants were, except F. M. Cody, " as guardian *ad litem* for the infant heirs." On the hearing of the petition, the court suppressed, on motion of the administrator, several depositions which had been taken by the contestants; and exceptions were reserved by the contestants to

[Bozeman v. Bozeman.]

this ruling. The suppression of these depositions, and the decree granting an order of sale, are now assigned as error.

GAMBLE & RICHARDSON, for the appellants.

PARKS & SON, *contra*.

SOMERVILLE, J.—We find many errors in this record, for which the judgment of the Probate Court, ordering the sale of the lands for distribution among the heirs of the decedent, must necessarily be reversed.

1. In the first place, the petition fails to state the place of residence of three of the heirs of the decedent's estate; *viz.*, Rebecca, Martha, and Jane Garrett; or to state whether they were under twenty-one years of age, or were married women. This was required by section 2450 of the present Code (1876), and a failure to conform to these requirements is a reversible error.

2. The order of sale, made by the probate judge, fails to specify the place of sale, and no power is vested by law in the administrator to select such place. This was required by section 2462 of the Code (1876), and the defect pointed out is also a reversible error.—*Brown v. Brown*, 41 Ala. 215.

3. There are other assignments of errors in the record, but we need consider only one of these, which seems likely to prove fatal to the application upon another trial. It is our opinion, that where one of several heirs has been in possession of a decedent's lands, or other property, for twenty years, or more, holding adversely, notoriously, and exclusively, by independent claim of right in himself, no application can be made by an administrator or executor for the sale of such lands for distribution, under the provisions of section 2450 *et seq.*, of the Code of 1876. It is true that the statute does not, in words, fix any such limitation. But it is not to be supposed that rights of this kind are to be exercised without limitation of time. If twenty years does not bar such an application, neither would a hundred, or a thousand years do so. We have, in this State, by a long series of decisions, established the rule, that the lapse of twenty years will operate as a positive bar to the enforcement of every character of legal right in the courts of this State, unless there has been, within that period of time, a recognition or admission of some material fact on which the right in question may be adjudged to rest, and which, therefore, keeps it alive and in force. The rule is one of presumption, based on the broad doctrine of prescription, and is not to be rebutted. It has in view the

peace and security of society, and is applicable, as often held, to all human transactions, which are open to judicial investigation. The doctrine is broader and more comprehensive than a mere statute of limitations, although based on analogous principles, as we have above said, of repose to society. Our past decisions fully authorize its application to such a case as this.—*Garrett v. Garrett,* 69 Ala. 429 ; *McArthur v. Carrie,* 32 Ala. 75 ; *Harrison v. Heflin,* 54 Ala. 552 ; *Greenlees v. Greenlees,* 62 Ala. 330 ; *Baker v. Prewitt,* 64 Ala. 551 ; *Matthews v. McDade,* 72 Ala. 377.

The appellants proposed to prove that Josiah Bozeman, Jr., under whom they claim, was in the adverse possession of the land in controversy, from some time in 1863 to the time of his death in October, 1884, claiming it as his own, and that such possession was exclusive, and evidenced by notorious acts of ownership. The decedent, Josiah Bozeman, Sr., had died as far as 1841, or about forty-five years prior to the filing of the present application. The depositions offered by appellants in support of these facts should have been admitted in evidence. They tended to establish a state of things which rendered the right asserted by the administrator dormant, under the influence of the doctrine of twenty years prescription.

The judgment is reversed, and the cause remanded.