# Culli, Admr. *v.* House.

## *Action of Assumpsit.*

1. *Action by administrator to recover purchase price of lands; sufficiency of complaint.*—In an action by an administrator to recover the purchase price of lands belonging to the intestate's

[Culli, Admr. v. House.]

estate, where, by the averments of the complaint, it is shown
that the sale of the land was a judicial sale made through the
plaintiff, as administrator, under a decree of the probate court,
and that such sale had been reported to the court rendering
the decree, as was contemplated by the statute under which
the sale was had  (Code, § 2154), a plea setting up that the
sale was at public auction, and that a memorandum of it was
not made by the auctioneer, etc., presents no answer to the
complaint and is subject to demurrer.

2.   *Same; same.*—In such a case, the sale being a judicial one, a plea
setting up the misrepresentation of the administrator while
acting as the agent of the court in making the sale, as to the
quantity of the land sold, presents no defense to the action,
the maxim of *caveat emptor* applying to such a sale.

3.   *Same; same.*—In such a case, a plea averring that the sale re-
ferred to in the complaint was never confirmed by the probate
court ordering said sale, and for this reason he never became
liable to plaintiff on account of said purchase, is bad and pre-
sents no defense to the action.


APPEAL from the Circuit Court of Etowah.

Tried before the Hon. J. A. BILBRO.

This action was brought by the appellant, P. E. Culli,
as administrator of the estate of D. B. Horton, against
the appellee, J. M. House.

A demurrer was sustained to the original complaint,
and thereupon the plaintiff filed an amendment to
the complaint, which was in words and figures as fol-
lows: "The plaintiff as such administrator further
claims of the defendant the sum of one hundred dol-
ars as damages with interest from September 9th,
1899, for that, heretofore, to-wit, plaintiff avers that
he is the administrator of the estate of D. B. Horton,
who died intestate, and who was at the time of his
death a resident citizen of Etowah county, Alabama,
owning real and personal property in said county; that
plaintiff, as such administrator, on or about June 3d,
1899, filed his petition in the probate court of said
county praying to sell said lands for the payment of
debts of said estate; that on the hearing of said
petition by said court the said lands of said estate were
decreed to be sold at public outcry to the highest bid-
der; that said lands should be sold for one-third cash
and a credit of one and two years for the deferred pay-
20c

ments, the purchaser to execute his two notes for 1-3 each of said purchase price; that due and legal notice was given as required by law; that in pursuance of said decree and notice and by authority of said court in him vested for said purpose, he exposed for sale said lands; that at said sale the defendant J. M. House did become the purchaser and highest bidder for a portion of said lands for the sum of one hundred and sixty-three dollars; that defendant, though knowing the terms of said sale, failed and refused and does fail and refuse to comply with the terms of his purchase, but has wholly failed to do so; that plaintiff reported said sale to said court, showing said failure of said defendant to so comply with his purchase; said court ordered and decreed that plaintiff again sell said land, which on due legal notice was done, on, to-wit, December 23, 1900; that said last sale was reported to and confirmed by said court before commencement of this suit; that the highest bid received was $105, and said last sale was on same terms as the first sale; plaintiff avers that by reason of said resale plaintiff had to re-advertise said lands, incurred additional court costs to the amount of $10 in the probate court, lost the difference between the first sale and the second sale, and incurred attorney's fees, to-wit, $20, for said resale, hence which amounts plaintiff claims in this suit."

The defendant pleaded the general issue and the following special pleas: "2. Defendant for further plea says that sale referred to by plaintiff was at public auction and no memorandum was made by the auctioneer, his clerk or agent showing the price at which the land was sold, the terms of sale, the name of the person on whose account the sale was made and the name of the purchaser.

"3. Defendant for further answer to complaint of plaintiff says that at the time said sale was made plaintiff represented to defendant that the land in question contained about one acre of ground, and defendant relying on said representation bid off said land at said sale. Defendant avers that said representation was wholly untrue, and that said lands contained less than

[Culli, Admr. v. House.]

one-half an acre, and for this reason defendant refused to take said land.

"4. Defendant for further plea says that the sale referred to in plaintiff's complaint was never confirmed by the probate court ordering the sale of said lands by plaintiff, and that for this reason he never became liable to plaintiff on account of the matter complained of.

"5. Defendant for further plea says that at the time said sale was made of said lot to defendant, plaintiff represented that there was on the lot being sold a house with four rooms on the same; that defendant relying on said representation bid off said lands at said sale, and defendant avers that said representation was wholly untrue and that the house and grounds contained only two rooms.

"6. Defendant for further plea says that at the time said sale was made of said lot to defendant plaintiff represented that there was a three-room house on said lot, and that defendant relying on said representation bid off said lands at said sale, and defendant avers that said representations were wholly untrue, and that the house on said lot contained only two rooms."

To the second plea the plaintiff demurred upon the following grounds: 1. Said plea is no answer to the complaint, because the complaint shows on its face that it is a legal sale. 2. Because the sale shown in the face of the complaint is a judicial sale and needs a confirmation before sale is completed.

To the third, fifth and sixth pleas the plaintiff demurred upon the following grounds: 1. , Because the complaint shows on its face that it is a judicial sale of which due notice was given, and it is no answer to said complaint and that the amount sold was only one-half acre in place of one acre. 2. The defendant had no right to rely on statements of plaintiff. 3. The defendant has no right to refuse to comply with the terms of sale. 4. Said plea is no answer to the complaint in that the complaint shows on its face that the sale was a judicial sale.

To the fourth plea the plaintiff demurred upon the following grounds: 1. Because it is immaterial whether the sale was or was not confirmed by the pro-

bate court.   2.   The complaint shows on its face that defendant failed to comply with his bid, yet complains because said sale was not confirmed.   3.   The sale not being confirmed is no answer to the complaint.   4.   Said plea is no answer to the complaint which shows on its face a judicial sale, and a non-compliance of defendant, and, therefore, could not be confirmed.

The demurrer to the second, third, fifth and sixth pleas were, by the court, overruled, and the demurrers to the fourth pleas were sustained.

Upon the trial of the cause there was judgment in favor of the defendant.   Under the opinion on the present appeal it is unnecessary to set out the facts of the case in detail.

The plaintiff appeals, and assigns as error the rulings of the court upon the pleadings, and the several rulings upon the evidence to which exceptions were reserved.

P. E. CULLI, for appellant.—The sale by the plaintiff to the defendant of the intestate's lands was a judicial sale, and the second plea setting up the statute of frauds presents no defense.—*Howison v. Oakley,* 113 Ala. 237.

In a judicial sale the court undertakes to sell only the title such as it is, of the parties to the suit and nothing more.—17 Am. & Eng. Ency. Law (2d ed.), 1010.

It is well established as a general rule that where property is sold at a judicial sale, there is no warranty as to either the title or the condition of the property. 17 Am. & Eng. Ency. Law, 1010, 1011; *Perkins v. Winter,* 7 Ala. 855; *Burns v. Hamilton,* 33 Ala. 210; *Hickson v. Lingold,* 47 Ala. 449; *Bland v. Bowie,* 53 Ala. 152; *Fore v. McKenzie,* 58 Ala. 115; *Boykin v. Cook,* 61 Ala. 472; *Lovelace v. Webb,* 62 Ala. 271.

The purchaser has no right to rely upon the representations of the agent or officer making the sale.—*Fore v. McKenzie,* 58 Ala. 115.

The purchaser must inquire for himself.—*Fore v. McKenzie,* 58 Ala. 115.

The purchaser must see for himself that he is getting what he considers that he is bargaining for, as the

[Culli, Admr. v. House.]

rule of *caveat emptor* applies in full force.—*Worthington v. McRoberts*, 9 Ala. 297; *Burns v. Hamilton*, 33 Ala. 210; *Hickson v. Lingold*, 47 Ala. 449; *Bland v. Bowie*, 53 Ala. 152; *Fore v. McKenzie*, 58 Ala. 115; *Boykin v. Cook*, 61 Ala. 472; *Lovelace v. Webb*, 62 Ala. 271; *Turner v. Teague*, 73 Ala. 554; *Ezzell v. Brown*, 121 Ala. 150.

BURNETT, HOOD & MURPHREE, *contra*, cited *Hutton v. Williams*, 35 Ala. 503; *Rice v. Richardson*, 3 Ala. 429; *Atwood v. Wright*, 29 Ala. 346; *Fore v. McKenzie*, 58 Ala. 115.

McCLELLAN, C. J.—Upon every pertinent consideration and by all ruling authorities the sale of the land to J. M. House made through Culli as administrator, etc., by the probate court of Etowah county under its decree to that end, was a judicial sale. The complaint showed that the sale was within the letter and spirit of section 2154, and that it had been reported to the court rendering the decree of sale, as therein contemplated. Plea 2 setting up that the sale was at public auction and that no memorandum was made of it by the auctioneer, etc., was no answer to the complaint, and the demurrer to it should have been sustained.

The sale being a judicial one, the maxim of *caveat emptor* applies, and the purchaser cannot defend an action at law for the purchase money because of misrepresentations of the administrator while acting as the agent of the court in making the sale.—*Fore, Admr., v. McKenzie*, 58 Ala. 115. Pleas 3, 5 and 6, therefore, presented no defense to this action.

Plea 4 was also bad. It was not necessary for the sale to be confirmed to support an action under section 149 of the Code. The default of the purchaser rendered a confirmation of the sale legally impossible. Code, §§ 175, 177.

On another trial, with the pleas to which we have averted eliminated from the case and the evidence confined to proper issues, the plaintiff, on adducing the evidence introduced by him on the first trial, will be entitled to the affirmative charge with hypothesis.

Reversed and remanded.