## STEPHENS *vs.* WESTWOOD.

1. When the Government of the United States has made an appropriation of land to an Indian reservee, under the treaty with the Creek tribe of Indians of 24th March, 1832, a patent subsequently issued by the Government cannot defeat the prior right of the Indian or his legal vendee.
2. But although the patent in such case may be void, on account of the previous appropriation of the same land to an Indian reservee, yet the fact of the previous appropriation cannot be proved by the bare recitals in another patent subsequently issued, so as to enable the junior grantee to recover against the older.
3. In trespass to try titles, where the plaintiff claims under patent from the United States Government to himself as the legal vendee of an Indian reservee under the treaty of March 24, 1832, and the defendant claims under an older patent from the Government, the plaintiff must prove the location of the Indian reservee, as well as that he succeeded to the rights of such reservee.

ERROR to the Circuit Court of Chambers.

Tried before the Hon. N. Cook.

This was an action of trespass *quare clausum fregit* brought as well to try titles as to recover damages from Stephens, the defendant, for his wrongful entry and detention of certain premises described in the declaration.

Upon the trial, the plaintiff produced a patent from the United States Government to himself, dated 10th December, 1845, for the land in controversy; proved possession in de-

fendant at and before the issue of the writ, and the value of the rents, and closed. This patent recites that the land conveyed by it was an Indian reservation, and that Seehecharche, one of the heads of families belonging to the Creek tribe of Indians, became entitled to it by virtue of the treaty made by the Government with that tribe on the 24th March, 1832 ; that said reservee, by the approbation of the President of the United States, had duly sold the same to Nat. Macon, Thornton & Co., who sold to G. E. Thomas & Co., who sold to the plaintiff, reciting the dates of these *mesne* conveyances.

The defendant below, who is the plaintiff in error, also claimed the land, and introduced two patents from the Government, one to himself, dated 1st May, 1838, and the other to William K. Stephens, for another portion of the land sued for, dated 5th April, 1837. It appears by the recitals in these patents that this land was sold under and according to the act of Congress of 24th April, 1820. Defendant below also proved that he had been in the possession of the land since 1836, and offered some proof conducing to show that the Indian's improvement was not upon the land in controversy ; but this proof was rejected by the court, who charged the jury, that notwithstanding the defendant's patents were older than the plaintiff's, yet the recitals in plaintiff's patent showed an antecedent estate in the plaintiff and those under whom he claimed, and authorized him to recover the land from the defendant. To this charge the defendant below excepted, and among other things, which it is not material now to notice, assigns the same for error in this court.

RICE, for plaintiff in error.

The plaintiff in error, to support his claim to the land, read in evidence two patents, (one to himself, the other to his brother,) one dated 5th April, 1837, the other dated 1st May, 1838, both founded on a prior entry and certificate at the land office in Montgomery, and proved that he had been in possession of the land sued for since 1836; the patent subsequently issued for the same land to the defendant in error, bearing date 10th December, 1845, cannot, by its mere recitals, without any evidence *aliunde* of their truth, annul or destroy the prior patents to plaintiff in error.

Stephens v. Westwood.

Although the recitals in a patent may be evidence of the facts recited, as against "a mere stranger, showing no title whatever," (as intimated in Jones v. Inge, 5 Porter 336,) yet such recitals are not evidence (or, at all events, not sufficient evidence) of their truth, as against a senior patentee of the same land long in the actual possession of the land, to destroy and annul the older patent. Masters v. Eastis, 3 Porter 368.

The question in this case is, which patent is void? The senior patent is regular on its face. Whoever heard that a senior patent, regular on its face, could be defeated by the production of a junior patent to a different person, without proof *aliunde* whatever tending to show the invalidity of the senior patent?

In the case of Sally Ladiga v. Roland, 2 Howard (U. S.) Rep., the patents to the defendants were assailed by evidence *aliunde*, by parol evidence. Such was the course taken in the case hereafter cited in 7 S. & M. 363. Such evidence (parol evidence) is always admissible to show whether or not public officers have issued a patent for land forbidden by law to be entered or granted; because, whether they have done so or not, is a jurisdictional fact, which may always be shown by parol evidence. Of course such evidence *aliunde* is admissible for either party to assail the patent of his adversary. And the court should have allowed plaintiff in error thus to show the invalidity of the patent to defendant in error; the evidence offered being such as tended to that result. Doe ex dem. Strother v. Cuthey, 1 Murphey's Rep. 162; Hit-tuk-ho-mi v. Watts, 7 Smedes & Marsh 363.

To show that jurisdictional facts may always be proved or disproved by parol evidence, see index to the 3 vol. of Phillips' Evidence, title Jurisdiction.

All the exceptions taken are relied on.

ALLISON, *contra:*

1. The recitals in the patent, to the defendant in error, are conclusive of the facts as recited. 5 Porter's Reports, Jones and Parsons' Heirs v. Inge and Mardis' Heirs, page 327; 9 Ala. Rep., Crommelin v. Minter et al., 594.

2. The land was appropriated to the Indian by the location, and it was separated from the mass of public lands, and

it was not subject to sale by the United States. 13 Peters' Reports, Wilcox v. Jackson, 498; 9 Ala. Rep., Crommelin v. Minter, 594.

3. The patent to the plaintiff in error is void. 2 Howard's U. S. Rep., Ladiga v. Roland et al., 581; 9 Ala. Rep. 594.

4. The title of the purchase of an Indian reservee relates back to the contract. 16 Ala. Rep., Nolen & Thompson v. Heirs of Gwyn, 725.

CHILTON, J.—The charge of the court, as to the effect of the recitals in the junior patent, was clearly erroneous. It is true that if the Government of the United States had made an appropriation of the land in question to the Indian reservee under the treaty of 24th March, 1832, or it may be, that if the Indian actually had an improvement upon the land, and was the head of a Creek family, and resided on the land at the date of the treaty, and claimed it as his reservation, even though the Government had never recognized his claim, that in either case (and certainly in the case first supposed) the United States could not deprive the Indian reservee, or those who succeeded to his rights in accordance with the require- of the treaty, of the land in controversy; and that a patent, subsequently issued by the Government, could not defeat the prior right of the Indian or his legal vendee. Ladiga v. Roland, 2 How. U. S. Rep. 581; Wilcox v. Jackson, 13 Peters' Rep. 498; Crommelin v. Minter et al., 9 Ala. Rep. 594. In such case, the Government would have no title to the land granted, or having the *mere* title, would have no authority of law to disregard the previous appropriation and issue a patent to another person.

But although the older patent in this case may be void, because of a previous appropriation of the same land, by the Government, to the Indian reservee, this fact cannot be proved by the bare recitals in the subsequent patent, so as to enable the junior grantee to recover against the older.

In Johnson v. McGehee & Thomas, 1 Ala. Rep. 186, the plaintiffs, McGehee & Thomas, introduced the assignment of the Creek tribe of Indians to their grantors of the land sued for, the deed from such grantors to them, and a patent from the Government to their grantors reciting the previous loca-

tion of the land under this treaty, its sale by the chiefs, the approval by the President of such sale, and, in consequence of all which, the land was granted to the persons named in the patent. The patent was, however, issued by the United States after the action was brought, but if the recitals were allowed, as proof, it was clear that the plaintiffs, whose rights accrued before the patent issued, were entitled to recover. The court held that the recitals did not dispense with proof of the setting apart, or "location" of the land by the Government under the treaty, or that the assignment of the land by the tribe had been approved by the President. To the same effect is the case of Jones & Parsons' Heirs v. Mardis' Heirs, 5 Por. Rep. 327. As against a trespasser, these recitals would be received, if the action had been brought after the patent issued; but the defendant, in this case, occupies *prima facie* a very different stand in court. He has the highest evidence of legal title derived from the Government, the source of title, acquired many years anterior to the issue of the patent to the plaintiff below; and the Government cannot, by a recital in the subsequent patent that the former patent was void, render it inoperative. This would be the effect of these recitals; for, if they are to be regarded as evidence, they clearly show that the United States had, previous to the issue of the first patent, disposed of the land to the Indian reservee.

We think the plaintiff below, under the circumstances of this case, must prove the location of the Indian, as well as that he succeeded to the rights of the reservee. The mode by which this may be done is sufficiently indicated, by the decision in the case of Johnson v. McGehee & Thomas, Supra. See, as to the effect of recitals upon a previous grant, 1 Greenl. Ev. §§ 23, 24, and notes to third edition, in which the cases are collated.

Let the judgment be reversed, and the cause remanded.