# McCullough *et al. v.* Wise *et al.*

*Statutory Real Action in Nature of Ejectment.*

1. *Executor's right to maintain or defend ejectment.*—An executor or administrator under our statutes, has such right to the possession of lands of the decedent that he may maintain ejectment for their recovery; and a right which will maintain such action must necessarily be a good defense.

2. *Estate in debt to executrix; when heirs cannot recover.*—An executrix having with her own means paid the debts of her testator, and the lands being the only assets, the heirs cannot recover of her such lands while the estate remains unsettled.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. H. D. CLAYTON.

The appellants, as heirs at law of one F. W. McCullough, deceased, sued to recover a certain parcel of land from appellants, in possession, namely: Francis Wise, the executrix of said McCullough, and her husband and co-defendant, J. Q. Wise. The said appellants claim one half interest in the land. The case was submitted upon the following agreed statement of facts: "That the estate has not been fully settled, and the executrix has paid the debts of testator out of her own funds, and the amount paid by her is still due from the estate; that one half interest in said lands belonged to testator at his death; that no personal property belonged to the estate, and that the lands sued for were the only lands belonging to testator's estate; that defendant, Francis Wise, (the widow of deceased,) claims no dower." The court then charged the jury, at defendant's request, that if they believe

the evidence, they must find for defendant; to which the plaintiffs excepted. The giving of said charge is now assigned as error.

JOHN D. GARDNER, for appellants, simply cites, as covering the points raised, the case of *Long v. McDougald's Administrator*, 23 Ala. 413.

W. D. ROBERTS, *contra.*—1. The right of the heir to enter upon and enjoy the real estate of his ancestor, is intercepted in favor of the personal representative of the deceased, until final settlement of the estate.—*Phillips v. Grey, Adm'r*, 1 Ala. 226; *Golding v. Golding, Adm'r*, 24 Ala. 122; *Masterson v. Girard's Heirs*, 10 Ala. 60; *Harkins v. Pope et al.* 10 Ala. 493; *Russell v. Erwin's Administrat'*, 41 Ala. 292.

2. The real estate of a decedent, not devised to his executors or any person else, descends to his heirs-at-law, who instantly are invested with the title, and may assert it, with all of its incidents, until the administrator, by actual suit or some other legal mode, indicates his intention to assert the power reposed in him by the statute. The title or the right of the heirs is subject to the statutory power.—*Patten et al. v. Crow*, 26 Ala. 426; *Boynton v. McEwen*, 36 Ala. 348.

STONE, J.—1. The cases of *Golding v. Golding* (24 Ala. 122), and *Russell v. Erwin* (41 Ala. 292), have settled that an executor or administrator, under our statutes, has such a right to the possession of lands of his testator, or intestate, as that he can maintain ejectment for its recovery; see, also, *Boynton v. McEwen*, 36 Ala. 348. A title or right which will maintain ejectment, must necessarily be a good defense to one right in possession.

2. The executrix, having, with her own means, paid the debts of her testator, and there being no other assets, save his interest in the lands sued for, and the estate being in her debt on account of such payment, the heirs can not recover of her while the estate remains unsettled.

Affirmed.