# Comer *v.* Hart.

### *Statutory Action in nature of Ejectment.*

1. *Rule as to production of best evidence.*—By the established rule, the best evidence the nature of the question admits of may be received, but not the best evidence the exigencies of the particular case admit of; and the inability of a party, through accident or misfortune, to adduce legal evidence, does not authorize the admission of illegal evidence.

2. *Sale of decedent's lands under probate decree; when title of heirs is devested.*—A sale of lands by an administrator, under an order of the Probate Court, is the act of the court; and no title passes to the purchaser, as against the heirs or devisees, until the sale is reported and confirmed, the purchase-money paid, and a conveyance executed under the order of the court.

3. *Adverse possession, as between administrator and heirs.*—When an administrator takes possession, in his representative capacity, of his intestate's lands, his possession is not adverse to the heirs, and the statute of limitations does not begin to run in his favor, as against them, until there is a public or notorious change in the nature of his holding; and the fact that he sold the lands under a probate decree, becoming himself the purchaser, does not render his subsequent possession adverse to the heirs, when it is not shown that the sale was ever reported and confirmed, and a conveyance executed to him under the order of the court.

[Comer v. Hart.]

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Anne E. Hart, against H. M. Comer, to recover an undivided one-eighth interest in a house and lot in the town of Eufaula; and was commenced on the 10th October, 1883. The defendant pleaded, in short by consent, not guilty, the statute of limitations of ten years, and adverse possession for three years; and the cause was tried on issue joined on these pleas. The plaintiff was one of the eight children of John Hart, deceased, who died, intestate, in 1862, being seized and possessed of said premises at the time of his death; and the defendant claimed as a sub-purchaser from H. C. Hart, one of the children of said John Hart, who administered on his father's estate, and became himself the purchaser of the property, at a sale made by him, under an order of the Probate Court, in July, 1871. On the trial, as the bill of exceptions shows, the plaintiff proved that said H. C. Hart, after his appointment as administrator, "took possession of said lands as such administrator, and built the houses thereon; that said H. C. Hart died in June, 1883, without having filed any account, annual or final, for a settlement of his administration, and without resigning or being discharged; that there is now no administration on the estate of said John Hart, and that the annual rental of the entire premises sued for is $400." This was the plaintiff's case.

"The defendant proved that, on the 8th May, 1871, on the petition of said H. C. Hart as administrator, the Probate Court of Barbour county granted an order directing a sale of the lands, the subject of this suit; that the proceedings in the matter of said order were regular and valid; that the land was exposed for sale on the 1st July, 1871, after due advertisement, and said H. C. Hart, the administrator, became the purchaser in his individual capacity; that said sale was fairly conducted, and the price bid was not greatly disproportionate to the real value of the land; and that the plaintiff was, at that time, more than twenty-one years of age. But defendant admitted, that no report of said sale was ever made to the Probate Court, or other proceedings of any kind had in or by said court in reference to said sale or purchase by said Hart, or that said Hart ever, so far as shown by the records of said court, did or performed any other act in reference to the settlement of the estate of said John Hart. The defendant proved, also, that said H. C. Hart mortgaged said lands, on the 3d September, 1877, to W. C. Oates; that said mortgage was foreclosed on the 25th January, 1879, under the power of sale therein contained, and the defendant became the purchaser at the sale; and that he had since been in possession under said purchase, claiming said

[Comer v. Hart.]

land as his own, renting it out, paying the taxes, insuring the house in his own name, and keeping the property in repair. Defendant proved these facts by D. T. Shehan and A. A. Walker, who testified, also, that said sale by said H. C. Hart was made at public outcry in Eufaula, where plaintiff was then living; and said Shehan further testified to the same acts of said H. C. Hart, before as after said sale, in reference to said property. Defendant further proved by W. E. McCormick, who was the private book-keeper of said H. C. Hart, that up to the time of said sale, the rents, income and profits of said property were credited by him, under the instructions of said H. C. Hart, to the estate of said John Hart, deceased, and after said sale were passed to the individual account of said H. C. Hart; and defendant offered in evidence, also, the books kept by said witness, showing these facts. Defendant offered in evidence, also, the assessment books of Eufaula, which showed that said land was assessed, up to and during the year 1871, as the property of the estate of said John Hart, and afterwards as the property of said H. C. Hart, until he disposed of the same. The court admitted this testimony, but, when all the testimony was in, plaintiff's attorney inquired if the adverse possession set up in said H. C. Hart was referred to his holding under said purchase at his own sale as administrator, to which defendant's attorney replied that it was; and thereupon the court, on motion of the plaintiff, excluded from the jury the evidence of acts of ownership by said H. C. Hart and by said defendant, as tending to show adverse possession by them under said purchase by said Hart, and of acts of ownership by him prior to the execution of said mortgage on said property." To the exclusion of this evidence, and each part thereof, exceptions were duly reserved by the defendant.

The defendant claimed, and attempted to prove, that the purchase by said H. C. Hart at his own sale was ratified by the other heirs of said John Hart, all being of lawful age; that he accounted to them for their proportionate shares of the purchase-money, and of all other assets of the estate which had come to his hands, and that they had executed to him a deed reciting these facts; and he attempted to prove these facts by the testimony of J. L. Pugh, J. M. McKleroy, A. A. Walker, and S. H. Dent. Pugh testified, that he, as attorney for H. C. Hart, and at his request, had prepared such an instrument "in the early part of the year 1880," to be signed by the other heirs, and delivered it to the said H. C. Hart, but never saw it afterwards; and he stated its recitals and provisions, as written according to Hart's instructions. McKleroy testified, that he saw the instrument "in September, 1880," and critically examined it; that it was in Pugh's handwriting, "and purported

[Comer v. Hart.]

to be signed by all the brothers and sisters of said H. C. Hart;"
and he stated its contents in substance as Pugh had. Walker
testified, in substance, to the same facts stated by McKleroy.
Dent testified that, in January, 1881, he being attorney for a
building and loan association, from which H. C. Hart desired
to borrow money on mortgage of the property, Hart showed
him the instrument as evidencing his title to the property; that
it purported to be signed by all the heirs, and Anne E. Hart
among them; that he asked who she was, not knowing any one
by that name, and was informed by Hart that it was his sister
Lizzie, whom witness knew; that he was not familiar with her
handwriting, and did not know that the signature was hers;
that the instrument was dated in 1879, or 1880, and had never
been recorded; and that he took a mortgage from Hart on the
faith of it. G. L. Comer, a witness for the defendant, who
had been the administrator of said H. C. Hart's estate, testified
that he had made diligent search for the instrument among the
papers of said Hart, and had not been able to find it, or any
trace of it. "This being all the evidence in regard to said lost
instrument and its execution, and its execution being denied,
plaintiff objected to its (said lost instrument as established) be-
ing offered to the jury, because its execution had not been
proved; which objection the court sustained, but permitted the
same to go to the jury under the plea of adverse possession;
and to this ruling the defendant excepted."

"This being all the evidence, the court charged the jury, that
they must, if they believed the evidence, find for the plaintiff,
for an undivided one-eighth of the property, and for one-
eighth of the rent from one year prior to the bringing of the
suit; to which charge the defendant excepted."

The charges of the court, and the several rulings on evi-
dence, to which exceptions were reserved, are now assigned as
error.

G. L. COMER, for appellant.—(1.) The testimony offered, as
to the execution and contents of the deed from the heirs of
John Hart to H. C. Hart, ought to have been received. The
deed was lost, and it had never been recorded; the subscribing
witnesses to it were not known, and the defendant had no
object in withholding it. The testimony was, under the cir-
cumstances, the best evidence the nature of the case admitted
of, and it ought to have been received.—*Shorter* v. *Sheppard*,
33 Ala. 648; *Jones* v. *Scott*, 2 Ala. 58; *Bennett* v. *Robinson*,
3 Stew. & P. 240; *Mordecai* v. *Beal*, 8 Porter, 529; *Rhodes*
v. *Seibert*, 2 Barr, 18; *Kelsey* v. *Hamner*, 18 Conn. 311;
*Sicard* v. *Davis*, 6 Peters, 124; *United States* v. *Reyburn*,
6 Peters, 352; *Minor* v. *Tillotson*, 7 Peters, 99; 1 Greenl.

[Comer v. Hart.]

Ev. §§ 557–8, 572, 582-84. (2.) Hart becoming the purchaser at his own sale, which was for cash, the right to receive and the duty to pay became united in him, and the presumption of payment arises.—*McLane v. Spence*, 6 Ala. 894; *Childress v. Childress*, 3 Ala. 752; *Duffee v. Buchanan*, 8 Ala. 28; *Purdom v. Tipton*, 9 Ala. 914; *Ragland v. Culhoun's Adm'r*, 36 Ala. 611; *Ward v. Oates*, 42 Ala. 225. (3.) Plaintiff can not recover, without overcoming this presumption of payment at least.— *Walker v. Crawford*, 70 Ala. 567; *Tillman v. Spann*, 68 Ala. 102; *Phillips v. Adams*, 78 Ala. 225. (4.) After his purchase at his own sale, Hart claimed to be in possession in his own individual right; his possession was open, notorious, exclusive, and continued for more than twelve years; and his title became thereby perfected under the statute of limitations. *Maury v. Mason*, 8 Porter, 211; *Nettles v. Nettles*, 67 Ala. 601; *Dothard v. Denson*, 72 Ala. 541; *Cooper v. Watson*, 73 Ala. 252; *Benje v. Creagh*, 21 Ala. 156; *Harrison v. Pool*, 16 Ala. 174; *Herbert v. Henderson*, 16 Ala. 581; *Johnson v. Johnson*, 5 Ala. 90; *James v. James*, 55 Ala. 530; *Brady v. Huff*, 75 Ala. 80; *Fielder v. Childs*, 73 Ala. 567; *Walker v. Crawford*, 70 Ala. 567; *Alexander v. Wheeler*, 69 Ala. 332; *State v. Connor*, 69 Ala. 212; *Tillman v. Spann*, 68 Ala. 102; *Wilson v. Glenn*, 68 Ala. 383; *Bonner v. Young*, 68 Ala. 35; *Baucum v. George*, 65 Ala. 268; *Clark v. Boorman*, 18 Wall. 508; *Badger v. Badger*, 2 Wall. 94; *Williams v. Watkins*, 3 Peters, 48; *Scott v. Haddock*, 11 Geo. 258; *Zeller v. Eckert*, 4 How. 289; *Ricard v. Williams*, 7 Wheat. 233; *McCarthy v. McCarthy*, 74 Ala. 546; *Smith v. Roberts*, 62 Ala. 86.

H. R. SHORTER, and J. M. WHITE, *contra*.—(1.) The offered testimony was wholly insufficient to prove the execution of the alleged deed, and was properly excluded from the jury on motion.—*Adams v. Shelby*, 10 Ala. 478; *Shorter v. Sheppard*, 33 Ala. 648; 1 Greenl. Ev., § 558, note; *Dixon v. Spence*, 1 Ala. 540; *Spears v. Cross*, 7 Porter, 437; *City Council v. Wright*, 72 Ala. 421. (2.) The sale was never reported to the Probate Court, and was never confirmed; the purchase-money was never paid, and no conveyance was ever executed to the purchaser under the order of the court. That no title passed to the purchaser, see *Wallace v. Hall*, 19 Ala. 367; *Dugger v. Tayloe*, 60 Ala. 504; *Watson v. Martin*, 75 Ala. 506; *Hutton v. Williams*, 35 Ala. 503. (3.) A presumption of payment arises, as against the administrator and his sureties, when he owes a debt to the estate; but the principle can not be invoked by the administrator himself, as against the heirs, for the purpose of devesting their title to land, which he has bought but never paid for. (4.) Adverse possession does not

[Comer v. Hart.]

begin to run in favor of a purchaser, until he has paid the purchase-money.—*Ormond v. Martin*, 37 Ala. 598; *Morgan v. Casey*, 73 Ala. 276; *Dugger v. Tayloe*, 66 Ala. 444. (5.) No change of possession on the part of the administrator, or change in the character of his possession, and notice thereof to the heirs, having been shown, the statute of limitations never began to run in his favor.—*Cotten v. Thompson*, 25 Ala. 671; *Johnson v. Toulmin*, 18 Ala. 50.

STONE, C. J.—It is a mistaken view of the rule, when it is asserted that a suitor can produce evidence otherwise illegal, because through accident or misfortune he is unable to produce higher or better evidence. Many facts and circumstances are either insusceptible of direct proof, or are much more difficult of positive proof than other facts are. It is on this account that the rule has become established, to admit, not the best evidence the exigencies of the case admit of, but the best evidence which the *nature of the question* admits of.—1 Brick. Dig. 848, § 623; 1 Green. Ev. § 60; 1 Whar. Cir. Ev. § 82. The testimony of the witnesses Pugh, McKleroy and others, offered as proof of the execution and contents of the written instrument drawn by the former, for and at the request of H. C. Hart, appellant's intestate, was wholly illegal for the purpose offered, and was, for that reason, rightly ruled out by the court. The title to the property sued for being in John Hart at the time of his death, it descended immediately to his heirs, of whom the plaintiff in this action is one. She has, therefore, shown a *prima facie* right of recovery, and no legal title is shown to have vested in H. C. Hart, under whom appellant claims, under and by virtue of the purchase he made at administrator's sale. To have perfected his title under that purchase, the sale should have been reported to the Probate Court, the sale confirmed, purchase-money reported paid, order to make title granted, and title executed. None of these steps were taken; and the consequence is, the legal title remained, where the law had cast it, in the heirs of John Hart. In fact, it can not be affirmed that, in law, any sale has been made. Such sales are what are called judicial sales—sales by and under the authority of the court. They derive their force and efficacy, not from the auctioneer's hammer, or announcement of the highest and best bidder. Even the executory contract of purchase, if it may be so called, is imperfect and invalid, until it is reported and confirmed, though the bidder may bind himself, if proper steps are taken to avoid the statute of frauds.—*Perkins v. Winter*, 7 Ala. 855; *Wallace v. Hall*, 19 Ala. 367; *Hutton v. Williams*, 35 Ala. 503; *Doe, ex dem. v. Hardy*, 52 Ala. 291; *Landford v. Dunklin*, 71 Ala. 594, 606; *Mc-*

[Louisville & Nashville Railroad Co. v. McGuire & Co.]

*Cully v. Chapman*, 58 Ala. 325; *Dugger v. Tayloe*, 60 Ala. 504; *Tayloe v. Dugger*, 66 Ala. 444; *Cruikshank v. Luttrell*, 67 Ala. 318; *Watson v. Martin*, 75 Ala. 506.

The testimony shows that H. C. Hart became the administrator of John Hart, his deceased father, and, as such administrator, had possession of the property for many years after his appointment. Such possession is authorized by our statutes. *McCullough v. Wise*, 57 Ala. 623; *Brewton v. Watson*, 67 Ala. 121. His attempt to make sale being, as we have shown, no sale in fact, the parties must be regarded, in a court of law, as if no sale had been attempted. And having entered as administrator, there is nothing in this record to show a public or notorious change in the nature of his holding, or to convert it into an adverse possession, in whose favor the statute of limitations will run.—*McCarthy v. Nicrosi*, 72 Ala. 332; *McCarthy v. McCarthy*, 74 Ala. 596; 3 Wait's Ac. & Def. 450, 451. The statute could not, at most, begin to run, until H. C. Hart assumed to dispose of the entire property, if indeed it did until sale was made under the mortgage to Oates. This last question we need not decide, as the first happening of those events fails to give sufficient time for the limitation of ten years to perfect a bar.

Other questions have been argued, but we need not consider them.—*Morgan v. Casey*, 73 Ala. 222.

If H. C. Hart, or those claiming in his right, can show payment in fact of the purchase-money, or a sum equal to it, to or for the benefit of his co-heirs of the estate of John Hart, deceased, there may be relief for them in the Chancery Court. *McCullough v. Wise*, 57 Ala. 623; *Ganey v. Sikes*, 76 Ala. 421.

The appellants have shown nothing tending to prove a defense at law, and the judgment of the Circuit Court must be affirmed.