# Watson *v.* Prestwood & Fletcher.

*Statutory Action in nature of Ejectment.*

1. *When administrator may maintain action.*—An administrator may maintain ejectment, or the statutory action in the nature of ejectment, to recover lands of which his intestate was seized of the legal title at the time of his death, against one who does not show a termination of that title, or a better title in himself.

2. *Sale of sixteenth-section lands; title of purchaser.*—A certificate for the purchase of lands belonging to the sixteenth section (Code, § 988) conveys the legal title to the purchaser, subject to be defeated on the happening of any of the contingencies which, by the terms of the statute, cause a forfeiture and reversion to the State.

3. *Same; rights of administrator, as against assignee of widow.*—On the death of the purchaser, while in possession under his certificate, his widow has no authority, as such, to indorse or assign the certificate to another person ; and his administrator may recover the lands in ejectment against her assignee, or a sub-purchaser from him, notwithstanding the issue of a patent to the assignee.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by E. Watson, as the administrator of the estate of R. E. Jordan, deceased, against J. A. Prest-

wood and A. J. Fletcher, to recover a tract of land containing 640 acres, which was described as the sixteenth section of township three (3), range fifteen (15); and was commenced on the 12th January, 1885. The cause was tried on issue joined on the plea of not guilty, and the following facts were admitted : "R. E. Jordan, plaintiff's intestate, bought said land in 18—, at a sale made by the trustees of said township, and gave his notes for the purchase-money, with proper security, and conditioned as required by law ; and said trustees gave him a certificate of purchase, as authorized by law. Under said purchase, said Jordan had said land surveyed, built a hog-pen on it, at which he fed his hogs up to the time of his death, went frequently on it, claimed it as his own, exercised acts of ownership over it, kept other persons off, sold timber from it, and had a raft of timber cut, which was remaining on the land when he died. Said lands were wild, and valuable only for the timber. Said Jordan lived, at the time of his death, on another tract of land containing 320 acres, which did not adjoin said sixteenth section, but was distant one mile and a half, and entirely disconnected from it. Before his death, said Jordan had paid several of the purchase-money notes for said land; and he died in said county, without a will, in 18—, leaving a widow. Letters of administration on said Jordan's estate were granted to plaintiff, by the Probate Court of said county, in September, 1875. After said Jordan's death, the widow remained on the homestead, never made any improvements on said sixteenth section, and never set up any claim to it except as said Jordan's widow; and as such widow she had possession of said certificate of purchase. One Cooper went to see her, at her home, and purchased said sixteenth section from her; and she transferred said certificate of purchase to him, in September, 1875. None of the heirs of said Jordan, except the widow, joined in the assignment of said certificate to said Cooper; and a patent was afterwards issued to him on the assignment of said certificate by the widow alone. Cooper was in possession of said land when he received the patent, and he afterwards sold and conveyed, with the usual covenants of warranty, to one Whitehead, who took possession, and afterwards conveyed by deed to the defendants, who were in possession at the commencement of the suit."

The patent to Cooper purported to be made to him "as assignee of the heirs of R. E. Jordan," and recited full payment of the purchase-money. On this evidence, the court charged the jury, that they must find for the defendants, if they believed the evidence. The plaintiff excepted to this charge, and he here assigns it as error.

J. E. P. FLOURNOY, for appellant.

STONE, C. J.—There can be no question that, if Jordan, plaintiff's intestate, was seized of a legal title to the lands sued for, at the time of his death, then Watson, his administrator, can maintain ejectment for their recovery, against any one who does not show a termination of such title, or a better title in himself.—*McCullough v. Wise*, 57 Ala. 623 ; *Brewton v. Watson*, 67 Ala. 121. The lands sued for are a sixteenth section, which Jordan had purchased in his life-time, and of which purchase he held a certificate, issued under section 987 of the Code. Section 988 of the Code provides, that "such certificate conveys to the person therein named, his heirs or assigns, a conditional estate in fee, to become absolute on the payment of the purchase-money and interest; and which reverts to the State, for the uses originally granted, in the following cases: 1. When all the notes have become due, and the makers have left the State, or died insolvent. 2. When a recovery on such notes is defeated, by any defense avoiding the contract of sale. 3. When a recovery is had against all the makers, and execution has been returned 'no property,' by the proper officer of the county in which the township lies ; or when judgment is had, and execution returned against any one or more of such makers 'no property,' the others having left the State, or died insolvent."

The present suit was tried on an agreed statement of facts, and it fails to set forth any one of the grounds, for which the statute declares the lands shall revert to the State. It does set forth that Jordan in his life-time paid several of the notes.

The main inquiry in this case is, whether, under the statute, the certificate shown to have been issued to Jordan, clothed him with the legal title, with condition of defeasance, or reversion on the subsequent happening of one of the enumerated events, on which the statute declares the land shall revert ; or whether the payment of the purchase-money notes was made a condition precedent to the vesting of title. The phraseology employed forces us to adopt the former of these alternative propositions. There could properly be no reversion, unless title had first passed out of the grantor. The whole framework of the statute evidently contemplates that, as soon as the purchase-money notes are given and approved, and a certificate of purchase is issued, the purchaser shall take possession and occupy as owner; and that his possession can not be disturbed, so long as he observes and performs the obligations he takes upon himself by the purchase. It is equally manifest, that the legislative policy was to relieve the State of expense and delay in regaining control and ownership of the land, held as it was

[Holifield v. Robinson.]

and is in trust for educational purposes, if the purchaser, either intentionally or otherwise, suffered any one of the enumerated causes of forfeiture and reversion to supervene. We hold, that the plaintiff, under the agreed statement of facts, made a *prima facie* case for recovery.

The defense rests on the State's patent, issued to Cooper, on the strength of the indorsement of the certificate of purchase, made by Jordan's widow to him, Cooper. There is no attempt to show any authority in her to make the indorsement, other than the fact that she was the widow of Jordan, the purchaser. That gave her no such authority; and this case must be treated as if no attempt had been made to connect Cooper and the patent he obtained with Jordan's purchase.

We have stated that the present record discloses neither of the grounds which the statute declares shall operate a forfeiture of the purchase, and a reversion of the lands to the State. It follows that, under the facts shown in this record, the State had no authority to make other disposition of the land, and the patent issued to Cooper is invalid and inoperative against Jordan's heirs and estate, because nothing is shown to connect them with it, nor to conclude them by it.—*Saltmarsh v. Crommelin*, 24 Ala. 347; *Stephens v. Westwood*, 25 Ala. 716; *Bates v. Herron*, 35 Ala. 117; *Hallett v. Eslava*, 3 S. & P. 105; *Stephens v. Westwood*, 20 Ala. 275; *Johnson v. McGehee*, 1 Ala. 186. The *prima facie* case made by the certificate of purchase was not overcome, and the Circuit Court erred in the charge given to the jury.

Reversed and remanded.