# Barry, *et al. v.* Stephens, *et al.*

*Bill to Quiet Title and to Remove Cloud.*

(Decided June 16, 1912. 57 South. 467.)

1. *Officers; Presumptions; School Lands; Certificate.*—Under section 538, Code 1852, it will be presumed, in the absence of contrary showing, and especially after a lapse of more than fifty years, that trustees of school lands issued a certificate for particular land as required by that section, since the law presumes that public officers do their duty.

2. *Quieting Title; Who May Maintain; Possession.*—A bill to quiet title under the statute can only be maintained by one in possession of the land either actually or constructively. And independent of the statute can be maintained only by one out of possession who has an equitable title not available at law.

[Barry, et al. v. Stephens, et al.]

3. *Same.*—A bill does not lie to quiet title against a deed claimed to be a forgery, if complainants are out of possession, as the remedy by ejectment affords an ample legal remedy.

4. *Injunction; Bill; Sufficiency.*—Under section 1804, Code 1907, a bill is insufficient as one to enjoin the board of compromise from issuing a patent to a rival claimant of complainant if it fails to show that the board will order such issuance, although it is alleged that action by the board was invoked by complainant, and that the board is holding up the matter on a protest from claimant, and that he claims that a patent should issue to him.

APPEAL from Montgomery Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Kinnon Barry and others against James M. Stephens and others to quiet title of land and remove cloud from title. Decree for respondents, and complainants appeal. Affirmed.

It seems from the averments of the bill that in the year 1856 the township trustees of township, 8 range 24, in Barbour county, Ala., sold certain school lands in all respects conformable to law, and that John R. Barry became the purchaser therefor, and was put in possession thereof, upon the execution by him of the four purchase-money notes with sureties; that Barry paid the first note, but failed to pay the other two, whereupon suit was entered and judgment recovered, and the judgment paid under execution, but that the last note has not been paid; that in 1874 Barry died, and left surviving him a widow, who has since died, and five children, all of whom are living, except Mahaley Brock, who has died since Barry, leaving six children. It is alleged that Nathan Minchew, one of the sureties, paid the judgment on the second and third purchase-money notes, and that he has since died, and that Mrs. Daniels, a daughter and the only heir of said Minchew, claims whatever equity her father had on account of having paid said note. The bill sets up an agreement between them and Mrs. Daniels as to an equitable division.

It is then averred that about four years ago complainant sought by petition to have a patent issued to them for this land, which petition was addressed to the proper state officials, but before the hearing of the petition one James M. Stephens began the contest, which is now pending before the board; the said Stephens insisting that he is entitled to. the patent, because said Barry conveyed the lands to one Blackmon, and the said Blackmon conveyed to Stephens, and put him in possession of the land, and that he has held possession of it since. These deeds are made exhibits to the bill. It is averred that Barry died about 1875, and that the deed purporting to have been made to Blackmon by him in March, 1890, is a forgery and utterly void. It is further alleged that they have offered to pay the balance of the purchase money, and they submit themselves to the jurisdiction of the court. The prayer is for a cancellation of the deed from Barry to Blackmon, for an injunction against Stephens to further contest their right, for a permanent injunction against the board, preventing them from issuing a patent to Stephens, and for a cancellation of the deed and quieting title.

H. L. MARTIN, for appellant. Section 1804 could not take from the courts the right to try titles to land and vest the same in the board of compromise, and under section 4830, the statute does not run against the state, and therefore, will not run against the party to whom the state issues the patent.—*Iverson v. DuBose,* 27 Ala. 422; 111 Ala. 609.

C. S. McDOWELL, JR., and PEACH & THOMAS, for appellee. The law always presumes that a public officer does his duty, and it is therefore presumed that a certificate issued to the purchaser as provided by section

[Barry, et al. v. Stephens, et al.]

539, Code 1852.—*Watson v. Prestwood,* 79 Ala. 416. Therefore, complainants have a plain and adequate remedy at law by ejectment, and they must do this first before they can maintain the present bill.—*Davis v. Bingham,* 111 Ala. 292; *Morgan v. Lehman, et al.,* 92 Ala. 440; *Echols v. Hubbard,* 90 Ala. 309. The bill fails to allege that the board of compromise will issue or has issued a patent to this particular land, and therefore, the bill does not offer injunctive relief.—26 A. & E. Enc. of Law, 384, et seq.

ANDERSON, J.—The bill avers a purchase of the land involved by complainants' ancestor, John R. Barry, in the year 1856; that it was school land, and sold by the trustees under the statute, and that he executed the purchase-money notes with such sureties as required by law, and which said notes were accepted by the township trustees. Section 538 of the Code of 1852, provides: "The trustees, on the execution of the notes, must give to the purchaser a certificate of purchase, showing the quantity of land in acres, describing the lots purchased, and specifying the amount of the purchase money." The law presumes that public officers discharge their duty, nothing to the contrary appearing; and it must therefore be presumed that the trustees issued the certificate of purchase upon the acceptance by them of the notes, and this presumption is strengthened by the lapse of over 50 years since the transaction. Section 539 of the Code of 1852 declares the effect of the certificate to be a conditional fee title to the land, perfect against all the world, except the state, and subject only to revert to the state upon the happening of the contingencies enumerated in the statute. It has been held by this court that such a certificate gives the owner thereof the right to maintain ejectment for the land therein described.—*Watson v. Prestwood,* 79 Ala. 416.

A bill to quiet title under the statute can only be maintained by one in possession of the land, actual or constructive. Independent of the statute, it can only be maintained by one out of possession who has only an equitable title not available at law.

The bill avers that the complainants are the legal owners of the land, as the deed held by Stephens from their father is charged to be a forgery, and therefore a nullity. If this be true, they, and not Stephens, have the legal title, and there is nothing in the bill to negative a plain and adequate remedy at law. If the Stephens deed is a forgery as charged, this fact can be shown in a court of law, and the complainants would be entitled to recover the land in an action of ejectment. If the complainants are out of possession and have the legal title as they assert, and which they can assert in a court of law, equity cannot be resorted to as a substitute.— Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172; Davis v. Bingham, 111 Ala. 292, 18 South. 660; Morgan v. Lehman Durr & Co., 92 Ala. 440, 9 South. 314; Echols v. Hubbard, 90 Ala. 309, 7 South. 817. Indeed, counsel for appellants in his brief does not seriously insist that the bill has equity solely as a bill to remove the deed of Stephens as a cloud upon title, but insists that the bill has equity, independent of this phase of the case, and that if this be true the chancery court would then have jurisdiction to determine and settle all rights and controversies relating to the land. This could no doubt be done; but we are not prepared to agree that the bill contains equity in any aspect of the case. Section 1804 of the Code of 1907, provides for a board of compromise as to school lands, and it may be very questionable if said board can be enjoined from acting or compelled to act in matters involving a discretion given them by the statute.—26 Cyc. 2845. After the board ordered the is-

suance of the patent by the Secretary of State, it might
be that the real owner of the land could prevent the is-
suance of same, though this may be a question of very
serious doubt, as the issuance of a patent by the state to
one, other than the purchaser or those holding rightful-
ly under him, would not divest the title acquired by the
certificate, unless, of course, the land had previously re-
verted to the state under the terms of the statute.—
*Watson v. Prestwood, supra.* Moreover, it is not every
imaginary grievance or wrong that authorizes an injunc-
tion, and there is nothing in the present bill to indicate
that the board will order the patent issued to Stephens.

The bill avers that action by the board was invoked
at the instance of complainants, and that the board is
holding up the matter, owing to a protest of Stephens
and the insistence by him that said patent should be is-
sued to him (the said Stephens); but it is nowhere
charged that the board has or will order the patent is-
sued to Stephens, instead of complainants. It may be
that the board is properly waiting for the rival claim-
ants under the purchaser, John R. Barry, the common
source of title, to settle the forgery vel non of the said
deed in a court of law, before determining who is en-
titled to the patent. In the meantime, there can be no
innocent purchaser from Stephens under the void deed,
as distinguished from a voidable one, and especially
during the lis pendens; so the complainants have not
made out a case for equitable relief. The bill avers that
the board is willing to issue the patent to complainants
but for the contest of Stephens; so if the Stephens deed
is a forgery, the complainants, being out of possession,
should bring an action of ejectment and have it so de-
clared; and there is nothing in the bill to show that the
forgery cannot be shown as well in an action at law as
in equity, and which would be rather a violent averment,

[Empire Realty Co., et al. v. Harton.]

if it existed, as the same rules of evidence exist in law as in equity, except as to the taking of testimony. The decree of the chancery court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.