(119 So. 659)

## BELSHER et al. v. RUSSELL. (6 Div. 115.)

Supreme Court of Alabama. Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

598

Henry Upson Sims and Shaffer B. Blake, both of Birmingham, and Thos. F. Seale, of Livingston, for appellee.

ANDERSON, C. J. The main question involved in this appeal is whether or not the order or decree of 1874 of the probate court of Choctaw county, Ala., reciting a sale of the land by the administrator, the report of the same, and the payment of the purchase money, and directing the administrator to make a deed to the purchaser, operated, in and of itself, in the absence of a deed, as color of title.

While, under the statute as it existed in 1874, the execution of a deed was essential to vest the legal title in the purchaser (Comer v. Hart, 79 Ala. 389), yet the order gave the purchaser a complete equitable title to the interest in the land of the decedent. Bibb v. Bishop Cobbs Orphan Home, 61 Ala. 320. It would seem, however, that the order, under the present statute and since the act of 1885, would operate to vest the title in the purchaser, independent of a deed. Section 5874 of the Code of 1923.

The order or decree, under the statute as then existing, gave the purchaser the equitable title, and placed upon the administrator a legal obligation to make a deed. This court has held that a bond for title, which is a contractual obligation to convey, is color of title, so why not the solemn decree of a court of record which places a legal duty and obligation on the administrator to convey? Also that irregular condemnation proceedings, though not sufficient to pass the legal title, will operate as color of title. M. & G. R. Co. v. Cogsbill, 85 Ala. 456, 5 So. 188. We therefore hold that the order or decree in question should have been received in evidence as color of title. This holding is supported by the well-considered case of Neal v. Nelson, 117 N. C. 393, 23 S. E. 428, 53 Am. St. Rep. 590. See, also, Thompson on Real Property, 3d Vol. § 2525, p. 465.

The only case we find in point to the contrary is Livingston v. Perdergrast, 34 N. H. 544, but we are impressed with the reasoning and justness of the opinion in the North Carolina case, supra.

The case of N. C. & St. L. R. Co. v. Mathis, 109 Ala. 377, 19 So. 384, has a stronger resemblance to the case at bar than any Alabama decision, holding that the instrument there considered was not color of title, but can be

Altman & Koenig, of Birmingham, for appellants.

differentiated from the present holding. There, the entry was but a memoranda of the probate judge, showing a sale of the land and name of the bidder. It did not purport to convey or direct the conveyance of the land, and the purchaser was not entitled thereunder unconditionally to a deed. Here, we have a solemn decree of the probate court, which of itself gave the purchaser the equitable title to the land accompanied by the order to the administrator to make the purchaser a deed.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.